UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

SUSAN RICE,

      Plaintiff,

vs.                                   **CASE NO.** 3:15-cv-117-TCB-RGV

FINANCIAL ASSET
 MANAGEMENT SYSTEMS, INC.,

      Defendant.

_____/

## COMPLAINT

Plaintiff, SUSAN RICE ("Plaintiff"), alleges the following Complaint against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("Defendant").

1.     This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2.     The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

## PARTIES

3.     Plaintiff is an individual residing in Lagrange, Georgia.

4.     Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

5.     Defendant is a Georgia corporation with its principle place of business located in Tucker, Georgia.

6.     At all relevant time, Defendant has been engaged in the business of attempting to collect consumer debts in the State of Georgia and within the Northern District of Georgia.

7.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) as its principal purpose is the collection of debt or it regularly attempts to collect debts owed or due or asserted to be owed or due another and uses the mails to accomplish this purpose and collect debts.

## JURISDICTION AND VENUE

8.     Jurisdiction is pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in the Northern District of Georgia.

## GENERAL ALLEGATIONS

10.     On August 22, 2014, the Defendant sent or caused to be sent to Plaintiff, via U.S. Mail, a letter attempting to collect a debt or financial obligation allegedly incurred by Plaintiff for primarily personal, family, or household

purposes (hereinafter the "Debt Collection Letter") and Plaintiff received it shortly thereafter. A copy of the letter is attached hereto as **Exhibit A.**

11.     Exhibit A is a "communication" pursuant to the FDCPA, 15 U.S.C. § 1692a(2).

12.     At the top of Exhibit A, the Defendant lists the original creditor as Emory Healthcare Provider.   The Defendant then lists an account number and FAMS ID number.   The Defendant goes on to list new charges of $14.07 with a balance owed of $578.93.

13.     The debt collection letter is patently confusing and misleading on its face, especially to an unsophisticated consumer.  The Defendant failed to provide any creditor or information related to the other debts which must comprise the majority of the debt designated for collection.  Consequently, Plaintiff was unable to identify from where the alleged debt originated and whether the amount allegedly owed was accurate.

14.     As a result of Defendant's inclusion of these unexplained 'balance owed' if Plaintiff or any unsophisticated consumer actually paid the amount requested in the debt collection letter, he or she would be left in a position of not knowing what, if any, debt remained outstanding.

15.     Additionally, an unsophisticated consumer could reasonably conclude that the debt collection letter sets forth two different amounts with respect to the

amount of debt owed, and therefore, could be confused as to which amount she is being instructed to remit to the Defendant.   The FDCPA does not require an unsophisticated consumer to rely on past notices, bills, or letters to understand the character of the debt being collected.

## COUNT I – VIOLATION OF 15 U.S.C. §§ 1692e, e(2), & e(10).

16.     Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein.

17.     The foregoing acts and omissions of Defendant violate 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10) because Exhibit A demands payment of inconsistent amounts of money without explanation or itemization such that the practices employed therein constitute false, misleading or deceptive debt collection practices.

18.     As a result of the Defendant's violation of the FDCPA, pursuant to 15 U.S.C. §§1692e, 1692e(2), 1692e(10), Plaintiff is entitled to statutory damages in an amount up to $1,000, please reasonable attorneys fees and costs.

WHEREFORE, Plaintiff's requests the Court enter judgment:

      i.     Adjudging the Defendant violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10).

      ii.     The maximum amount of statutory damages pursuant to 15 U.S.C. §1692k.

-5-

iii.    Attorneys fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(3); and

iv.    For such further reliefs the Court deems proper.  .

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**Dated:**        **July 21, 2015**

/s/ Kenneth Lavan
Kenneth L. LaVan, Esq.
GA Bar No. 322045
aneidenberg@disabilitylawclaims.com
7067 D West Broward Blvd
Plantation, FL 33317
954-617-2202
954-523-3871 (Facsimile)
*Attorney for Plaintiff*